UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHARON STEWARD                                                                                                PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 3:22-CV-448-CWR-RPM

COMMISSIONER OF SOCIAL
SECURITY                                                                                                      DEFENDANT

## REPORT AND RECOMMENDATION

Before the Court is Sharon Steward's ("Steward") complaint appealing from the Commissioner of Social Security's decision denying her claim for disability benefits and supplemental security income under the Social Security Act. Steward alleges a period of disability beginning February 29, 2020, based on vision issues of retinal detachment in the left eye and diabetic retinopathy. Doc. [9], at 208. The claim was denied initially and on reconsideration. *Id.* at 122–49. Steward was 41 years old at the alleged onset date of disability. *Id*. at 104. She has a high school education, with past relevant work as a pharmacy technician. *Id.* at 79, 96. Steward requested and was granted a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 74. On January 24, 2022, the ALJ issued a decision denying benefits. *Id.* at 16–27.

In his decision, the ALJ found that Steward had not engaged in substantial gainful activity since the alleged onset date of February 29, 2020. *Id*. at 21. The ALJ found that Steward had severe impairments of diabetes with retinopathy and vision loss. *Id*. at 22. The ALJ also considered whether Steward had severe impairments from hyperlipidemia, hypertension and obesity; but found that none of these conditions rose to the level of a severe impairment. *Id.* at 22. The ALJ concluded that Steward's impairment or combination of impairments did not meet any of the Listings found in the Social Security regulations. *Id.*

Based on her impairments, the ALJ determined that Steward maintained the residual functional

capacity ("RFC") to perform a full range of work at all exertional levels but with some non-exertional limitations: she can occasionally use near acuity; she can rarely use far acuity, depth perception or field of vision. *Id*. at 22. Referencing the testimony of a vocational expert, the ALJ concluded that Steward was unable to perform past relevant work as a pharmacy technician because the work exceeded her residual functional capacity. *Id*. at 26. Considering Steward's age, education, work experience, and residual functional capacity, the ALJ found jobs existed in significant numbers in the national economy that Steward could perform. *Id*. The Appeals Council denied Steward's request for review of the ALJ's decision on June 27, 2022. *Id*. at 5–7.

In Steward's brief in support of remand, Steward argues that the ALJ's RFC was not supported by substantial evidence. Doc. [10]. Specifically, she argues the ALJ should have included as a limitation that Steward cannot avoid ordinary hazards in the workplace, such as navigating stairs and handling small objects. The ALJ rejected the medical conclusions of all physicians, except for Dr. Borne, the treating physician. In finding Dr. Borne only partially persuasive, the ALJ rejected Dr. Borne's finding that Steward was incapable of avoiding ordinary hazards. With the additional limitation regarding hazards, and relying on testimony from the vocational expert, Steward argues she is incapable of maintaining employment at any exertional level.

## I. APPLICABLE LAW

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision is supported by substantial evidence, then the findings are conclusive; and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. §

405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA

must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

## II. DISCUSSION

a. Residual Functional Capacity Analysis

Steward argues that the ALJ improperly substituted his own medical judgment to determine the RFC based on speculative reasoning. At issue, the ALJ concluded that Steward could avoid ordinary hazards. In so finding, the ALJ rejected Dr. Borne's medical opinion that Steward could not avoid ordinary hazards. Doc. [9], at 24. As support for his analysis, the ALJ relied on Dr. Borne's June 2021 report. The report found Steward had 20/25 vision in the right eye and 20/100 in the left. Based on that estimation, the ALJ determined that "it does not appear believable that someone with essentially normal vision in the right eye would not be able to avoid ordinary hazards or perform typical tasks without assistance." *Id*. at 24–25. However, the ALJ did not cite to a medical opinion or other notation in the record to substantiate that determination.

Steward argues the ALJ erred by cherry-picking the evidence and substituting his own medical opinion for that of Dr. Borne. Steward argues that her right eye vision has markedly fluctuated over time and the ALJ simply cherry-picked the 20/25 estimation. Doc. [10], at 11. Doc. [12]. When providing an overview of the evidence, the ALJ found that Steward's right eye had the following acuity: 20/80 in July 2020; 20/100 in November 2020; 20/25 in March 2021; 20/60 in October 2021; and 20/200 in December 2021. Doc. [9], at 24. Accordingly, the ALJ's own recitation of the evidence demonstrates that Steward's visual acuity varied significantly; and thus, the evidence did not provide a basis for the ALJ to find Steward had normal vision. Doc. [10]. Steward also argues that the fact her vision was found to improve, at certain points, does not

4

necessarily reflect that on a regular and continuous basis, her visual acuity allowed her to successfully avoid ordinary hazards. [9], at 84.

Steward contends there is a lack of medical evidence to support the RFC. When concluding that Steward's vision is adequate to avoid ordinary hazards, traverse stairs, and handle small objects, the ALJ failed to point to any medical evidence supporting that opinion. In contrast, the only medical opinion that speaks to those issues, Dr. Borne's findings, states the opposite. *Id*. at 338. Although the ALJ is responsible for evaluating witness credibility, Steward's testimony appears to be consistent with Dr. Borne's medical opinion that she could not avoid ordinary hazards. *Id*. at 85–93. "Consequently, when the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia v. Berryhill*, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) (collecting cases).

While the ALJ pointed to a single instance where Steward had 20/25 vision in her right eye, the record, as recited by the ALJ, indicates Steward's visual acuity fluctuated over time. The ALJ's conclusions that Steward had "essentially normal vision" and could avoid workplace hazards are inconsistent with the record. The ALJ interpreted raw data and substituted his medical conclusion for that of Dr. Borne. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (warning an ALJ "must be careful not to succumb to the temptation to play doctor," as "lay intuitions about medical phenomena are often wrong"); *see also Cooper v. Kijakazi*, 2023 WL 2298742, at *4 (S.D. Miss. Jan. 6, 2023) (The ALJ may not "cherry-pick evidence to support a preferred conclusion") (citing *Williams v. Astrue*, 355 F. App'x 828, 832, n.6 (5th Cir. 2009) (unpublished)). The ALJ made findings that lacked any support in the record. Based on the foregoing, the undersigned finds the ALJ's conclusion that Steward could avoid ordinary hazards lacks substantial evidence.

    b. <u>Harmless Error</u>

The Court must consider whether the error was harmless. An error is harmless if it does not "affect the substantial rights of a party," *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), or when it "is inconceivable that the ALJ would have reached a different conclusion" absent the error. *Frank*, 326 F.3d at 622. The ALJ's unsupported conclusion that Steward could avoid ordinary hazards, and the resulting findings based on that conclusion, constitutes material error.

The ALJ determined that Steward could perform jobs in the national economy based, in part, on his finding that she could avoid ordinary hazards. Doc. [9], at 25. However, as discussed previously, the ALJ's finding regarding ordinary hazards is not supported by substantial evidence. The vocational expert testified that if Steward were unable to avoid ordinary hazards, she could not perform work in the national economy. *Id*. at 99. In light of the vocational expert's testimony, it is conceivable that the ALJ could have reached a different conclusion had he included the additional limitation concerning ordinary hazards. Accordingly, the undersigned finds that remand is both appropriate and necessary.

## **RECOMMENDATION**

The undersigned recommends that the case be remanded to the Commissioner for further proceedings.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections

with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 8th day of August 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE